**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 07 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50160 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00137-GW-2 |
| v. | |
| EDWARD ALARCON, AKA Edward M. Alarcon, AKA Edward M. Valverde Alarcon, AKA Edward Maurice Alarcon, AKA Maurice Valverde Alarcon, AKA Edward Valverde, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted March 5, 2014[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BYBEE and IKUTA, Circuit Judges, and ZILLY, Senior District Judge.[***]

Defendant Edward Alarcon assigns error to the district court's issuance of an *Allen* charge after polling the jurors concerning whether they were "hopelessly deadlocked." A district court's decision to give an *Allen* instruction is reviewed for an abuse of discretion. *United States v. Berger*, 473 F.3d 1080, 1089 (9th Cir. 2007). Such decision must be upheld unless "it's clear from the record that the charge had an impermissibly 'coercive effect' on the jury." *United States v. Ajiboye*, 961 F.2d 892, 893 (9th Cir. 1992). In determining whether an *Allen* charge is coercive, the court examines: (i) the form of the instruction; (ii) the time the jury deliberated after receiving the charge in relation to the total time of deliberation; and (iii) any other indicia of coerciveness. *United States v. Steele*, 298 F.3d 906, 911 (9th Cir. 2002).

In this case, before issuing the *Allen* instruction, the district court inquired of each juror whether the jury was "hopelessly deadlocked." This procedure was consistent with Section 5.4 of the Jury Instructions Committee of the Ninth Circuit's A MANUAL ON JURY TRIAL PROCEDURES (2013). Eleven of the twelve jurors answered in the affirmative, but many of them qualified their responses with

---

[***] The Honorable Thomas S. Zilly, Senior United States District Judge for the Western District of Washington, sitting by designation.

2

the phrase "at this time," "at this point," or "right now." One of the jurors replied in the negative, indicating "a problem with the word 'hopelessly.'" In light of the jurors' responses, the district court acted within its broad discretion in declining to declare a mistrial. *See United States v. Sommerstedt*, 752 F.2d 1494, 1497-98 (9th Cir. 1985).

The *Allen* instruction that the district court subsequently gave in this case did not have an impermissibly coercive effect. The district court used the neutral form of an *Allen* charge that is set forth in Ninth Circuit Model Criminal Jury Instruction 7.7. *See Steele*, 298 F.3d at 911. Moreover, the *Allen* charge was issued in the absence of any disclosure by the jurors concerning the nature of their perceived deadlock or how they were divided. Thus, the *Allen* instruction could not have been interpreted as being directed to a particular juror or jurors. *Cf. Ajiboye*, 961 F.2d at 893-94 (an *Allen* charge can be deemed coercive if jurors could perceive the instruction to be aimed at them as a result of the trial judge's inquiry into the numerical division of the jury or knowledge of which jurors were "holdouts").

In this case, the jury deliberated for a total of seven hours. Almost two of those seven hours were expended after receiving the *Allen* charge. The jury found defendant guilty on only two of the four counts of trafficking in counterfeit goods. As to the other two counts, concerning which the evidence of mens rea was

weaker, defendant was acquitted. The amount of time spent in deliberations after the *Allen* instruction was sufficient to "allow the jury to reach a reasoned decision," *Berger*, 473 F.3d at 1093, and the resulting verdict indicates that the jury engaged in a "rational and independent review of the evidence" and "did not succumb" to any coercion allegedly associated with the *Allen* charge, *id.* at 1094.

No other "indicia of coerciveness" are present in this case. Defendant's reliance on *United States v. Seawell*, 550 F.2d 1159 (9th Cir. 1977), is misplaced because, unlike in *Seawell*, in this case, the *Allen* charge was read only once, and defendant's allusion to colloquies between the district court and counsel about how best to proceed establishes nothing because the jury was not privy to such discussions. The district court committed no error in issuing the *Allen* charge.

AFFIRMED.